**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE JESUS CARBAJAL,<br><br>    Defendant.[1] | Case No.  1:17-cr-00304-JLT-SAB-1<br><br>ORDER: (1) GRANTING  GOVERNMENT'S DEEMED MOTION FOR ORDER FINDING PARTIAL WAIVER OF PRIVILEGES AS TO JAI GOHEL, and (2) DENYING DEFENDANT'S MOTION TO STRIKE THE DECLARATION BY JAI  GOHEL |

Defendant Jose Jesus Carbajal is a federal prisoner proceeding through retained counsel on a 28 U.S.C. § 2255 motion filed on March 12, 2024, seeking to vacate, set aside, or correct the sentence imposed following his conviction by a jury on violations of 18 U.S.C. § 1951 Conspiracy to Commit Hobbs Act Robbery (Count One), 18 U.S.C. § 1951 Interference with Commerce by Robbery (Count Two), and 18 U.S.C. § 924(c)(1)A) Using, Carrying, or Brandishing a Firearm During and in Relation to a Crime of Violence (Count Three).[2] (Doc. 150). The § 2255 motion alleges ineffective assistance of counsel including by defense co-counsel Robert Forkner leading to a breakdown in the attorney-client relationship, abandonment by Forkner, Carbajal's rejection of a favorable plea offer, and defense co-counsel

[1] Carbajal is currently serving his sentence at USP Beaumont in Beaumont, TX. *BOP Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited May 28, 2026). Carbajal's projected release date is November 28, 2037. *Id.*

[2] The government concedes the § 2255 motion was timely filed. (Doc. 158 at 3).

1

Jai Gohel's presentation of a prejudicially deficient trial defense.

The Court, on June 5, 2024, granted the government's motion for limited waiver of attorney-client and work product privileges as to all communications between Carbajal and Forkner, concerning events and facts related to the claims of ineffective assistance of counsel asserted in the § 2255 motion (Doc. 159).

The government filed its opposition to the § 2255 motion on August 12, 2024 (Doc. 169), supported by the declaration of Gohel (Doc. 169-1).

Carbajal timely filed reply to the opposition on January 11, 2025 and therein moved to strike Gohel's declaration on grounds it is outside both the § 2255 motion's allegations of ineffective assistance of counsel and the limited waiver relating only to Forkner, otherwise unauthorized by the Court, and inadmissible because it contains privileged communications. (Doc. 174 at 6-10).

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) (collecting cases). The waiver applies equally to the work product privilege. *Id.* at 722 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests." (citation omitted)); *see also* Fed. R. Evid. 502(a) (stating disclosure made in federal proceedings, to a federal office or agency, waives the attorney client privilege and work-product protection).

In the context of a claim of ineffective assistance in a collateral attack, the privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719.

The Court has reviewed the pleadings, record, and controlling law. The Court DEEMS the government's opposition as supported by the declaration of Gohel to raise a motion for limited waiver of Carbajal's attorney-client and work product privileges in relation to Gohel. For good cause shown, the Court FINDS that Carbajal has waived the attorney-client and work

2

product privileges with respect to co-counsel Gohel in litigating allegations in the § 2255 motion. *Id.* at 716, 722 n.6. The Court will deny Carbajal's motion to strike Gohel's declaration.

Carbajal does not point to any legal or factual basis in avoidance of the *Bittaker* waiver. For example, the § 2255 motion claims "*Lafler/Frye* ineffective assistance of counsel" by Forkner in relation to: (1) Carbajal's rejection of the government's favorable plea offer, the decision to proceed to trial, and the trial defense, and (2) cumulative prejudice raised by the prejudicially deficient trial defense presented by Gohel that resulted in conviction on all three Counts and a harsh sentence.[3][4] (Doc. 150 at 10-14). Gohel, as co-counsel participated with Forkner in the allegedly deficient conduct including as to the plea offer, the decision to go to trial, and preparation of the trial defense. (*See* Docs. 16, 20, 38, 80 at 2-4, 81 at 2-4, 169-1). As noted, Gohel also presented the allegedly deficient trial defense. (*See Id.*). Moreover, Carbajal, in his reply to the opposition to the § 2255 motion appears to argue ineffective assistance by Gohel. (*See* Doc. 174 at 10-19).

Given the foregoing, the Court finds that Carbajal has put his relationship, communications, and work product with co-counsel Gohel at issue in this litigation. *Bittaker*, 331 F.3d at 716. Carbajal may preserve the confidentiality of his privileged communications with Gohel only by abandoning the claims giving rise to the waiver. *Bittaker*, 331 F.3d at 721.

THEREFORE, good cause appearing, IN THE ALTERNATIVE, the government's deemed motion for a limited waiver of the attorney client and work product privileges as to co-counsel Gohel (Docs. 169, 169-1) is GRANTED as follows:

(1) The attorney-client privilege of Carbajal is waived with respect to all communications between Carbajal and his former attorney, Jai Gohel, concerning events and facts related to the claims of ineffective assistance of counsel in the § 2255 motion.

---

[3] *Lafler v. Cooper,* 566 U.S. 156 (2012), *Missouri v. Frye,* 566 U.S. 134 (2012).

[4] Carbajal alleges the government offered a guideline sentencing range of 176-219 months. (Doc. 150 at 14-15. The record reflects Carbajal's original 292 month sentence was vacated on appeal. (Doc. 67); *United States v. Carbajal*, 854 Fed. Appx. 821, 822-23 (9th Cir. 2021). On remand for resentencing, Carbajal was sentenced to 274 months (Docs. 145, 146). Carbajal did not appeal the resentencing. (*See* docket).

(2) The work product privilege is waived with respect to the work product of attorney Jai Gohel concerning events and facts related to the ineffective assistance of counsel claims in the § 2255 motion.

(3) Attorney Jai Gohel and his staff and agents if relevant, may disclose to the government communications between him and Carbajal concerning events and facts related to the ineffective assistance of counsel claims in the § 2255 motion.

(4) Attorney Jai Gohel may provide the government with a declaration addressing communications with Carbajal and work product concerning events and facts related to the ineffective assistance of counsel claims presented in the § 2255 motion. Attorney Gohel may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes Carbajal's decision on whether to proceed with his § 2255 motion, Carbajal must notify this Court within 14 court days following service of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his § 2255 motion. Failure to do that confirms the alternative portion of this Order finding waiver.

Carbajal's MOTION TO STRIKE the declaration by Jai Gohel (Doc. 174 at 6-10) is DENIED.

The CLERK OF COURT is directed to (1) SEAL the previously filed declaration by Jai Gohel (Doc. 169-1), and (2) update the Court's docket for Carbajal's current incarceration at USP Beaumont, P. O. BOX 26030, BEAUMONT, TX, 77720.

IT IS SO ORDERED.

Dated: June 6, 2026

_____
JENNIFER L. THURSTON
U. S. District Judge